UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| GEORGE ANDREW HADDAD, ET AL | CIVIL ACTION NO. 08-cv-1834 |
| VERSUS | JUDGE WALTER |
| CHESAPEAKE EXPLORATION, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

George and Rhonda Haddad filed this civil action in state court against Chesapeake Exploration, LLC; SJL Energy, LLC; and Julesa Land & Minerals, Inc. Chesapeake removed the case based on an assertion of diversity jurisdiction.

This court, as one of limited jurisdiction, has an independent duty to examine the basis for its subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). The parties can never consent to or waive federal subject matter jurisdiction, and Chesapeake, as the party bringing this action to federal court, bears the burden of rebutting the presumption against jurisdiction. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

Chesapeake has alleged the requisite amount in controversy, but its allegations with respect to the citizenship of the parties are insufficient. Chesapeake is directed to file an Amended Notice of Removal by **January 20, 2009** that corrects the deficiencies set forth below. If the deficiencies are not sufficiently remedied, the case may be remanded for lack of subject matter jurisdiction.

Chesapeake alleges that Plaintiffs are "individuals residing in Caddo Parish, Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may have residences in several states, but he has only one domicile at a time, and it is that domicile that determines his citizenship for diversity jurisdiction purposes.

Chesapeake alleges that it is a limited liability company organized under Oklahoma law "and its members are residents of Oklahoma." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The need for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Mullins opinion also

makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. Thus, Chesapeake's general assertion that all of its members are "residents" of Oklahoma does not meet its burden of establishing diversity.

Chesapeake alleges that the two other defendants, SJL Energy, LLC and Julesa Land & Minerals, Inc., were not served at the time of removal so need not join in the notice of removal. Even so, their citizenship remains critical to diversity jurisdiction. Diversity in a removal case is determined from the fact of citizenship of the parties named and not from the fact of service. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).

Chesapeake alleges that SJL Energy, LLC is a Texas limited liability company "with its members residing in Texas." That allegation is insufficient, for the reasons stated above. Chesapeake alleges that SJL may have Louisiana citizenship but, if so, it was fraudulently joined. Chesapeake should nonetheless allege the citizenship of SJL's members with specificity so that it may be determined whether a fraudulent joinder analysis is even necessary.

Chesapeake alleges that Julesa Land & Minerals, Inc. is "a corporation organized and existing under the laws of the State of Texas." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of

business.  "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity."  Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). Chesapeake has not alleged the state in which Julesa has its principal place of business, which is determined under rules set forth in cases such as Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004).

Chesapeake may not be able to determine from public information or records the identity/citizenship of the members of SJL or the principal place of business of Julesa. These issues arise often, and most parties cooperate and voluntarily provide the membership or other information needed to properly allege citizenship.  If, however, SJL and Julesa choose not to cooperate, Chesapeake is hereby granted leave to issue subpoenas, take depositions, or engage in other reasonable discovery to learn the necessary information.

These rules may seem onerous, but they are the rules of law that determine this court's subject matter jurisdiction, which must be demonstrated to exist before the court may grant relief.  Failure to clarify these matters early in the case may lead to a waste of federal

resources, such as occurred in the Howery and Transamerica cases where the deficiencies were not revealed until the case was on appeal.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE