RECEIVED
BY: _____ /4/3_____
SEP 1 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HADDAD, ET AL. | CIVIL ACTION NO: 08-1834 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE EXPLORATION LLC, SJL ENERGY LLC, JULESA LAND & MINERALS INC., and JASON LANE | MAGISTRATE HORNSBY |

## MEMORANDUM ORDER[1]

Plaintiffs originally filed their petition in the First Judicial Circuit, Caddo Parish, Louisiana on October 17, 2008, against Chesapeake Exploration, LLC ("Chesapeake"), SJL Energy, LLC ("SJL"), and Julesa Land & Minerals, Inc. ("Julesa"). *See* Doc. #1, Ex. 1. Chesapeake was served under Louisiana's Long Arm Statute on October 27, 2008. On November 25, 2008, Chesapeake removed the case to Federal Court on the basis of diversity of citizenship. *See* Doc. #1.

On December 10, 2008, Magistrate Judge Hornsby issued an order requiring Chesapeake to file an Amended Notice of Removal to supplement and correct its jurisdictional allegations. *See* Doc. #5. Judge Hornsby instructed Chesapeake to provide the domicile of the Plaintiffs. Chesapeake was also required to provide the citizenship of all of its members, as the citizenship of an LLC is determined by the citizenship of its members, not the state of organization or principal place of business. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

---

[1] The Court notes that on March 25, 2009, Plaintiffs filed a Motion to Remand for Lack of Diversity of Citizenship. A ruling will be issued on that motion after SJL's citizenship is determined.

1

Chesapeake was also ordered to provide the names and citizenship of all members of SJL, and to provide the incorporation and principal place of business of Julesa. Judge Hornsby noted that Chesapeake alleged that SJL was fraudulently joined, but declined to engage in an analysis of this argument until it was clear that SJL was not diverse.

On January 20, 2009, Chesapeake filed an Amended Notice of Removal that cured most of the deficiencies noted by Judge Hornsby. See Doc. #6. First, Chesapeake properly noted that the Plaintiffs are domiciled in Louisiana. Second, Chesapeake properly provided the names and citizenship of all of its LLC members. Third, Chesapeake noted that Julesa was formerly a corporation organized in the State of Texas and with its principal place of business in Texas. Julesa is alleged to now be a defunct corporation. Although defunct, the Court still determines its citizenship by considering both the state of incorporation and the principal place of business where the last business activity took place. See *Harris v. Black Clawson Co.*, 961 F.2d 547 (5th Cir. 1992). Accordingly, it appears that Julesa would be a citizen of Texas.

Chesapeake failed to follow the Court's January 20, 2009, order to properly assert the citizenship of the individual members of SJL. Instead, Chesapeake appears to concede in its Amended Notice of Removal that SJL is a Louisiana LLC. Chesapeake argues that SJL's citizenship should not be considered in determining diversity because it was fraudulently joined. However, the Court notes that the Plaintiffs added Jason Lane as a Defendant in their First Supplemental and Amended Complaint, and allege that he is a member of SJL and is a "resident" of Harris County, Texas. See Doc. #35. If Mr. Lane is the only member, or if all members of the LLC are domiciled in Texas, SJL may in fact be diverse. The Court will not consider whether SJL was fraudulently joined until SJL's citizenship is determined.

Accordingly, Chesapeake is hereby **ORDERED** to file a Second Amended Notice of Removal by **October 7, 2009**, that properly asserts the citizenship of SJL Energy, LLC. Failure to comply will result in the case being remanded for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED**, this ____ day of September, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE